**MEISTER v LORAIN (city)**

Ohio Appeals, 9th Dist, Lorain Co.

No. 900.   Decided Nov. 25, 1938.

Provenza & Friedman, Lorain, for appellant.

John D. Pincura, Jr., City Solicitor, Lorain, for appellee.

### OPINION

By WASHBURN, J.

This is an appeal on questions of law from the judgment of the Common Pleas Court in favor of the city of Lorain (appellee here) in a suit brought against the city by Fred W. Meister (appellant here) to recover for salary as patrolman of said city during the period from October 11, 1934, to November 16, 1934, in which he did not perform any services as patrolman because he had been suspended on October 11, 1934, by the chief of police and, after hearing, was discharged from the position of patrolman by the safety director of Lorain on October 17, 1934.

After a hearing before the civil service commission of the city, the commission on November 16, 1934, ordered Mr. Meister "reinstated and returned to service" but further ordered "that he not be paid his salary for the time off duty during his suspension."

In the case of **Steubenville v Culp, 38 Oh St 18,** the Supreme Court decided that "A police officer, suspended from office, by the mayor of a city, under the authority granted by sections 121 and 211 of the municipal code * * *, is not entitled to wages during the period of such suspension, notwithstanding the council afterward declared the cause of suspension insufficient."

So far as we can ascertain, the ruling in said case has never been criticized nor specifically overruled, although in the case of **Cleveland v Luttner, 92 Oh St 493,** there are some obiter dicta observations in the opinion which are in seeming conflict with the Steubenville case, supra.

The Luttner case, supra, was one in which the policeman's right to salary had been fixed and determined by a judgment of the Court of Appeals, and wherein the director of public safety was ordered "to issue or cause to be issued a warrant for the salary due and payable to the relator since the date of his pretended suspension." which judgment became a finality because no proceeding for review was taken.

The decision in the Luttner case was by a divided court, and in the case of **Williams, Dir. et v State, ex rel, et, 127 Oh St 398,** a suggestion is made that the doctrine announced in the Luttner case might be re-examined, and in the case of **Hansen v City of Cleveland, 132**

Oh St 62£, the court, referring to the Luttner case, observed that "We have no inclination to further extend the doctrine there announced."

Doubting the wisdom and justice of adopting the obiter dicta observations in the Luttner case as a guide, and approving of the soundness of the doctrine announced in the Steubenville case, we are unwilling to regard the Luttner case as authority in the instant case.

In the instant case, Meister, on October 11, 1934, was and for years had been a patrolman in the City of Lorain, on which day the chief of police suspended him for violation of the rules and regulations of the department; and on October 17, 1934, after a hearing, the safety director found that said suspension was warranted and notified Meister that he was "discharged from the department." On October 24, 1934, Meister filed an appeal from said order of discharge or removal to the civil service commission, and on November 26, 1934, the civil service commission entered an order that Meister be "reinstated and returned to service" but further ordered "that he not be paid his salary for the time off duty during his suspension."

A plausible interpretation of said order is that the order of the safety director that Meister be absolutely discharged and removed was modified by approving his removal for a limited time, and reinstating him from and after November 16, 1934. If the order be thus interpreted as a removal for a limited time, then Meister had a right under the law to appeal from such order to the courts, and he did not do so, and in that event he would be bound by the order.

However, we are inclined to interpret said order to be a modification of the order of the safety director that Meister be absolutely discharged by reducing such removal to a suspension for a definite time, to-wit, from October 11, 1934, to November 16, 1934, and ordering that he be not paid for that time. It certainly is not an unconditional order of reinstatement.

We are of the opinion that the commission had power to make such a conditional order of reinstatement, and that, regardless of anything in its opinion, that is the order it made.

We are also of the opinion that, regardless of whether Meister could appeal to the courts from such an order, he could not accept the reinstatement part of the order without accepting also the condition attached thereto.

Meister went back to work and did not question the order until December 21, 1937, when he brought this action.

We are of the opinion that this is a case for the application of the doctrine announced in the Steubenville case, and that the judgment of the Common Pleas Court denying Meister a right to recovery of "salary for the time off duty during his suspension" was right; and the judgment of the Common Pleas Court is therefore affirmed.

STEVENS, PJ. & DOYLE, J., concur.